1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TRAVELERS INDEMNITY COMPANY,                    CASE NO. 05-CV-1435 JLS (CAB)
    ET AL., successor in interest by merger to
12  GULF INSURANCE COMPANY, and                     **ORDER DENYING DEFENDANT**
    GULF UNDERWRITERS INSURANCE                     **CITY OF SAN DIEGO'S MOTION**
13  COMPANY,                                        **FOR ATTORNEYS' FEES**

14                                    Plaintiffs,
                                                    (Doc. No. 261)
       vs.
15

16  ARENA GROUP 2000, L.P., d/b/a SAN
    DIEGO SPORTS ARENA CO., d/b/a SAN
17  DIEGO ENTERTAINMENT, INC.,
    ELIZABETH NOLAN d/b/a URC
18  MANAGEMENT and THE CITY OF SAN
    DIEGO
19                                    Defendants.

20

21          Presently before the Court is a motion for attorneys' fees filed by the City of San Diego

22  ("defendant" or "City"), pursuant to Federal Rule of Civil Procedure 54(d)(1)-(2) and Local Rule

23  54.1.  (Doc. No. 261.)  For the following reasons, the Court **DENIES** the motion for attorneys'

24  fees.

25                                    **BACKGROUND**

26          On February 22, 2003, Daniel Doll and Shelby Olerich-Snow suffered severe personal

27  injuries when a two-ton marquee sign fell on them as they left the Black Angus restaurant near the

28  San Diego Sports Arena.  They filed two personal-injury actions in state court against Arena

Group 2000, L.P. ("Arena"); the City; and Elizabeth Nolan d/b/a URC Management ("property manager").  Arena tendered the claim to various insurers, including Gulf Underwriters Insurance Company and The Travelers Indemnity Company (successor in interest by merger to Gulf Insurance Company and Gulf Underwriters Insurance Company) (collectively, "Gulf").  The City is an additional insured under Arena's primary and excess policies with Gulf.  (Doc. No. 208, at 2.)

On April 12, 2005, Gulf sent a reservation of rights letter to the attorney retained to represent Arena, the City, and the property manager.  The letter stated that Gulf had undertaken a preliminary review of the complaints to identify possible coverage issues.  (Cleesattle Decl., Ex. 1, at 4.)  Gulf cautioned that the letter was subject to revision.  (Id. at 6.)  Gulf agreed to provide a defense under the primary policy, but reserved the right to retain separate defense counsel, litigate coverage issues, and seek and obtain reimbursement from defendants for any money paid in defense or indemnity.  (Id.)

In June 2005, Doll and Snow filed second amended complaints in state court.  On July 8, 2005, Gulf sent another reservation of rights letter identifying possible coverage issues.  (Cleesattle Decl., Ex. 1 at 1.)  The letter incorporated coverage issues raised in the April 12, 2005 letter, and reiterated Gulf's agreement to provide a defense under the primary policy, subject to a reservation of rights.  (Id. at 4.)

On July 18, 2005, Gulf filed the present lawsuit against Arena, the City, and others, asserting eight causes of action.  The first seven sought a declaration that Gulf was not obligated under the policies to defend or indemnify Arena or the City.  The eighth sought a judicial determination that Gulf was entitled to reimbursement for all sums paid by Gulf to settle the underlying state actions.  Gulf sought $7,218,000 in damages.

The City filed a motion for summary judgment on June 4, 2007.  (Doc. No. 200.)  Judge Whelan found that the California Tort Claims Act, Government Code § 911.2, applied to the lawsuit.  Since Gulf  failed to comply with the pre-filing requirement of the Act, the Court granted the City's motion for summary judgment on June 19, 2007.  (Doc. No. 209.)  Final judgment was entered on July 20, 2007.  (Doc. No. 251.)

1    On September 18, 2007, the City filed a motion for attorneys' fees and bill of costs in the

2    amount of $292,009.03.[1]  (Doc. No. 261.)  Gulf filed its opposition on October 15, 2007.  (Doc.

3    No. 269.)  On October 22, 2007, the City filed its reply.  (Doc. No. 271.)  On October 24, 2007,

4    Gulf  requested leave to file a surreply, claiming the City had cited particular statutory and

5    contract provisions for the first time in its reply, and attached the surreply.[2]  (Doc. No. 272).

6    A hearing for taxation of costs was held before the Clerk of the Court on October 4, 2007.

7    (Doc. No. 267.)  The Clerk taxed costs in the amount of $4,463.03.  (Id.)  Attorneys' fees in the

8    amount of $287,546 were denied.  (Id.)

9    <center>**LEGAL STANDARD**</center>

10    Under Federal Rule of Civil Procedure 54(d)(1), except when there is an express provision

11    in a federal statute or the Federal Rules of Civil Procedure, costs (other than attorneys' fees) shall

12    be allowed to the prevailing party unless the court directs otherwise.  Routinely allowed costs are

13    listed at 28 U.S.C. § 1920.  Except in cases of voluntary dismissal, the defendant is the prevailing

14    party when a case terminates without judgment for plaintiff.  Civ. L.R. 54.1(f).  Federal Rule

15    54(d)(2) governs the procedure for claiming attorneys' fees. Attorneys' fees are not taxable as

16    costs unless a statute or enforceable contract provides for them.  Alyeska Pipeline Serv. Co. v.

17    Wilderness Soc'y, 421 U.S. 240, 257 (1975).  In a diversity case, a federal court should follow

18    state law in denying or awarding attorneys' fees, unless state law runs counter to a federal statute

19    or rule of court.  Id. at 260.

20    //

21    //

22    //

23

24    _____

25    [1] Subsequent to the City's filing the motion for attorneys' fees and bill of costs, this action was reassigned to the Hon. Janis L. Sammartino on September 25, 2007.

26    [2] In its reply, the City cites California Code of Civil Procedure § 1021, California Civil Code
27    § 1717, and § 2.e.(3) of the Gulf Excess/Umbrella policy.  (Doc. No. 271.)  None of these provisions was cited in the original motion.  Since reply papers generally must be limited to matters raised in the opponent's opposition papers, Daghlian v. DeVry Univ., Inc., 461 F. Supp. 2d 1121, 1143 n.37 (C.D.
28    Cal. 2006), the Court will consider plaintiffs' surreply to allow an opportunity to respond to newly presented provisions in defendant's reply.

**ANALYSIS**

A.      <u>Absent a federal statute or rule, a court exercising diversity jurisdiction follows state law in awarding or denying attorneys' fees</u>.

 In the absence of a rule, statute, or contract authorizing the award, each party must bear its own attorneys' fees.  <u>Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus.</u>, 84 F.3d 1186, 1192 (9th Cir. 1996).  When there is no federal statute or rule on point, Federal Rule 54(d)(2) establishes a procedure for claiming a right to an award of attorneys' fees.  Rule 54(d)(2) requires an independent source of authority for awarding attorneys' fees.  <u>Alyeska Pipeline Serv. Co.</u>, 421 U.S. at 257.

 In looking for an independent source of authority to award attorneys' fees, a court sitting in diversity follows state law in denying or granting those fees, since the decision whether to award fees reflects a substantial policy of the state.  <u>Alyeska Pipeline Serv. Co.</u>, 421 U.S. at 260;  <u>see</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938) (holding that, when there is no applicable federal statute, rule, or policy, a federal court exercising diversity jurisdiction should apply a state provision shifting fees); <u>see also</u> <u>Sioux County v. Nat'l Sur. Co.</u>, 276 U.S. 238, 243 (1928) (explaining that, when state policy allows for recovery of attorneys' fees, removal to federal court cannot be allowed to thwart that policy).  The City does not cite any federal statute in support of its claim for attorneys' fees as costs.  Furthermore, Local Rule 54.1 does not authorize awarding attorneys' fees as costs.

 In the present case, the cause of action was a California state law claim for declaratory relief and reimbursement for money paid, pursuant to an insurance contract.  Therefore, the Court looks to applicable California law in determining whether an independent source of authority authorizes an award of attorneys' fees in this case.

//

B.   <u>California state law does not independently grant a substantive right to attorneys' fees, but allows recovery under specific contractual authorization</u>.

None of the sources cited by the City–California Civil Procedure Code §§ 1021 and 1033.5, and California Civil Code § 1717(a)–independently creates a right to recover attorneys' fees unless a specific statute, rule, or contract entitles the party to recover.  California Civil Procedure Code § 1021 allows parties to allocate attorneys' fees by contract.  It does not independently grant a substantive right to attorneys' fees.  <u>Santisas v. Goodin</u>, 17 Cal. 4th 599, 606 (Cal. 1998).  However, attorneys' fees are allowable as costs when provided for by a statute, rule, or contract.  Cal. Civ. Proc. Code §1033.5(a)(10).  When a contract provides for attorneys' fees, the prevailing party on the contract is entitled to them.  Cal. Civ. Code § 1717(a).

The parties do not dispute that the City is the prevailing party.  However, the City does not cite a statute or rule that provides independent authority to recover attorneys' fees.  Instead, the City argues that the Gulf Excess Policy provides authorization for recovery.

C.   <u>The Gulf Excess Policy does not authorize recovery of attorneys' fees</u>.

In support of its argument that the insurance contract provides authorization for recovering attorneys' fees, the City cites to a portion of § 2.e.(3) of Gulf's Commercial Excess Liability Policy, which provides, "We will pay with respect to any claim or 'suit' we defend in b. above . . . (3) All reasonable expenses incurred by the insured at our request[.]"

This provision in the insurance contract does not apply to attorneys' fees incurred by the City in this action.  Instead, it applies to suits for damages payable under the Excess Policy.  (Ex. B. to Remick Declaration ISO City's Reply, at 047.)  Once the provision cited by the City is read more completely, it is clear that the provision for attorneys' fees only applies to suits for damages; "We will pay with respect to any claim or 'suit' we defend in b. above: . . . (3) All reasonable

expenses incurred by the insured at our request <u>to assist us in the investigation or defense of the</u> <u>claim or 'suit'</u> . . ." (<u>Id.</u> at 047-048) (emphasis added).  Section "b. above" specifies that the "suit" is one for "damages which are payable under Coverages A or B."  (<u>Id.</u> at 47.)  Coverage A includes "bodily injury and property damage liability." (<u>Id.</u>)  Coverage B includes "personal injury and advertising injury liability."  (<u>Id.</u>)  In addition, the language of the provision specifies that the expenses are incurred at the "request" of Gulf  to "assist" Gulf in the "investigation or defense of the claim." (<u>Id.</u> at 047-048.)  It would be unreasonable to interpret this contract provision to mean that Gulf has requested, in its declaratory action, that the City assist Gulf in defending Gulf's suit against the City.  The reference to "suit[s]" Gulf "defend[s]" clearly refers to suits for damages that Gulf defends on behalf of the insured.

In bolstering its interpretation, the City relies primarily on <u>Standard Accident Insurance</u> <u>Co. v. Hull</u>,  91 F. Supp. 65 (S.D. Cal. 1950), which held that the "reasonable expenses 'incurred at the company's request'" language in the insurance contract in that case included attorneys' fees in an action for declaratory relief.  <u>Id.</u> at 67.  However, the decision in <u>Standard</u> has not been followed by California state or federal courts.  <u>See</u> <u>Carroll v. Hanover Ins. Co.</u>, 266 Cal. App. 2d 47, 50 (1968).  In <u>Carroll</u>, the California Court of Appeal held that a policy provision providing for "reasonable expenses...incurred at the company's request" did not entitle the insured to recover attorneys' fees in an action on the insurance contract.  <u>Id.</u>  <u>Carroll</u> relied on a decision from the California Supreme Court which held that, absent an express contractual provision, insureds are not entitled to recover attorneys' fees in a declaratory action.  <u>Lowell v. Md. Cas. Co.</u>, 65 Cal. 2d 298, 302 (1966).  <u>Carroll</u> expounded on the "express contractual provision" language in <u>Lowell</u>, clarifying that an insurance provision mirroring the provision in the present case does not constitute an "express contractual provision" authorizing attorneys' fees.  <u>Carroll</u>, 266 Cal. App.

2d at 51.  Therefore, <u>Lowell</u> holds that, absent an express contractual provision, an insured is not entitled to attorneys' fees in a declaratory action; <u>Carroll</u> holds that a provision providing for reasonable expenses incurred at the company's request is not a sufficient "express contractual provision," to satisfy the <u>Lowell</u> requirement.  The Ninth Circuit has expressly followed <u>Carroll</u> and <u>Lowell</u>.  <u>See</u> <u>Previews, Inc. v. Cal. Union Ins. Co.</u>, 640 F.2d 1026, 1029 (9th Cir. 1981) (holding that the "proper standard" is the one used by <u>Carroll</u> and <u>Lowell</u>).

When interpreting state law, federal courts are bound by the decisions of the state's highest court.  <u>Nelson v. City of Irvine</u>, 143 F.3d 1196, 1206 (9th Cir. 1998).  When there is no decision on point, the federal court must look to intermediate appellate court decisions for guidance.  <u>Id.</u> Where there is no evidence that the state supreme court would decide differently, the court is bound to follow the decisions of the state's intermediate appellate courts.  <u>Id.</u> at 1206-07.  In this case, <u>Carroll</u>, an intermediate appellate court decision, and <u>Lowell</u>, a California Supreme Court decision, are entirely consistent.  There is no evidence that the California Supreme Court would decide the issue differently than the <u>Carroll</u> court did and, therefore, this Court must reject the City's argument.

Adopting the interpretation in <u>Carroll</u>, the City, as the insured, is not entitled to recover attorneys' fees under the provision in the Excess Policy.  (Ex. B. to Remick Declaration ISO City's Reply, at 047.)  The language of the present provision mirrors the provision in <u>Carroll</u> and does not provide sufficient express contractual authorization for the recovery of attorneys' fees as required by <u>Lowell</u>.

D.      <u>Gulf's suit is not akin to a subrogation action</u>.

The City contends that the action for declaratory relief is similar to a subrogation action, which would entitle the City to recovery of attorneys' fees.  It argues that Gulf paid sums pursuant to a shopping center lease (under which the City is named an additional insured) containing a

provision designed to "protect the City against any legal costs in defending claims."  (Remick

Decla., Ex. I, at 153 ¶ b.(1).)  The indemnity agreement in that contract states that "LESSEE

agrees to defend, indemnify, protect and hold the CITY . . . harmless from and against any and all

claims asserted or liabilities established." (Id. at 152 ¶ 5.1.)  The City argues that, since it was the

prevailing party, the language in that lease agreement would entitle it to attorneys' fees.

    The Court rejects this argument.  First, Gulf is not a party to the shopping center lease

between the City and Arena.  Gulf therefore has no obligations under that lease, which contains no

specific provision authorizing the City to recover attorneys' fees from Gulf.  Furthermore, as Gulf

states in its opposition, Gulf did not make any payments under the lease agreement.  Rather, as set

forth in the record, the sums paid by Gulf were pursuant to the insurance contract.  (Compl. ¶¶ 34

& 35, & Ex. 3; Doc. No. 197 at 0228 ¶¶ F, G, I; 0232 ¶ 3.4; 0235 ¶ 12.)  Finally, in a subrogation

action, the insurer sues another party in the name of the insured.  Allstate Ins. Co. v. Loo, 46 Cal.

App. 4th 1794, 1799 (1996).  In the action for declaratory relief,  Gulf sued the insured, asserting

its own rights under the insurance contract.  The comparison to a subrogation action is, therefore,

unfounded.

<div align="center">CONCLUSION</div>

    For the reasons stated supra, since the insurance contract under which Gulf sued does not

provide authorization for the recovery of attorneys' fees, defendant is not entitled to attorneys'

fees. Therefore, the court DENIES defendant's motion for attorneys' fees.

    IT IS SO ORDERED.

DATED:  March 13, 2008

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge